JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>REAL PROPERTY KNOWN AS THE VICEROY L'ERMITAGE BEVERLY HILLS,<br><br>    Defendant. | Case No. 16-05368-DSF (PLAx)<br><br>**FINAL JUDGMENT OF FORFEITURE** |

Upon consideration of the Unopposed Application for Entry of Final Judgment of Forfeiture (the "Application") filed by Plaintiff United States of America (the "Government") and Michael M. Eidelman, not individually, but in his capacity as court-appointed Special Master (the "Special Master" and, collectively with Government, the "Movants"), seeking entry of a Final Judgment of Forfeiture, for good cause the Court hereby finds and orders as follows:

**FINDINGS**

A.   On July 20, 2016, the Government initiated a civil forfeiture action (the "L'Ermitage Business Assets Action") alleging that all assets relating to the business operated as the Viceroy L'Ermitage Beverly Hills (the "Business Assets"), as

described in Attachment A to the Government's Verified Complaint for Forfeiture *In Rem* [Case No. 16-05369, Dkt. No. 1-1], are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

   B. On July 20, 2016, the Government initiated a separate civil forfeiture action (together with the L'Ermitage Business Assets Action, the "L'Ermitage Actions") alleging that the real property known as The Viceroy L'Ermitage Beverly Hills (the "Property", and together with the Business Assets, the "Defendant Assets"), as described in Attachment A to the Government's Verified Complaint for Forfeiture *In Rem* [Case No. 16-cv-05368, Dkt. No. 1-1], is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

   C. The Government gave and published notice of the L'Ermitage Actions as required by law, including Supplemental Rule G for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Federal Rules of Civil Procedure and the Local Rules of this Court.

   D. On November 7, 2016 and October 11, 2017, VHG Beverly Hills LLC ("VHG") filed claims to the Defendant Assets. [Case No. 16-cv-05368, Dkt. Nos. 35 and 130; Case No. 16-cv-05369, Dkt. Nos. 37 and 131].

   E. On March 24, 2017 and October 11, 2017, LBH Real Estate (Beverly Hills) LLC ("LBH Real Estate"), JW Hospitality Ltd. ("VHG INTL"), and JW Hospitality LLC (collectively and together with VHG, "Claimants") filed claims to the Business Assets. [Case No. 16-cv-05369, Dkt. Nos. 102 and 130]. On those same dates, LBH Real Estate also filed claims to the Property. [Case No. 16-cv-05368, Dkt. Nos. 101 and 129].

F. On November 8, 2019, the Court entered a Consent Judgment of Forfeiture in each of the L'Ermitage Actions as to all Claimants other than VHG (Case No. 16-cv-05368, Dkt. No. 152; Case No. 16-cv-05369, Dkt. No. 153) (collectively, the "Consent Judgments"), pursuant to which all Claimants other than VHG renounced any claims to the Defendant Assets and any substitute *res*, and allowed any interests they held therein to be forfeited to the Government.

G. On April 30, 2020, the Government and VHG, as the only remaining parties in the L'Ermitage Actions, filed a Joint Stipulation and Request for Order Authorizing Interlocutory Sale of the Defendant Assets in each of the L'Ermitage Actions (collectively, the "Interlocutory Sale Stipulations"). (Case No. 16-cv-05368, Dkt. No. 156; Case No. 16-cv-05369, Dkt. No. 157).

H. On May 1, 2020, the Court entered orders in each of the L'Ermitage Actions: (i) finding that the Defendant Assets should be sold via an interlocutory sale, with the proceeds of such sale substituted as the defendant *res* in each action; and (ii) finding that the procedures set forth in 28 U.S.C. §§ 2001 and 2002, which statutes govern interlocutory sales of property pending forfeiture, were not reasonable, appropriate or likely to yield the highest price for the Defendant Assets. (Case No. 16-cv-05368, Dkt. No. 157; Case No. 16-cv-05369, Dkt. No. 158).

I. On May 5, 2020, claimant VHG withdrew all of its claims to the Defendant Assets. (Case No. 16-cv-05368, Dkt. No. 158; Case No. 16-cv-05369, Dkt. No. 159).

J. On May 5, 2020, the Court entered orders in each of the L'Ermitage Actions appointing the Special Master to market and sell the Defendant Assets, and approving proposed bidding and sale

procedures for the Special Master to sell the Defendant Assets (collectively, the "Sale Procedures").(Case No. 16-cv-05368, Dkt. No. 160; Case No. 16-cv-05369, Dkt. No. 161).

K.  On August 31, 2020, the Court entered orders in each of the L'Ermitage Actions (collectively, the "Final Interlocutory Sale Orders"): (i) approving the Sale of the Defendant Assets to LBVH Hotel LLC (the "Purchaser") pursuant to the terms of set forth in that certain Agreement for Sale and Purchase of Hotel and Joint Escrow Instructions (the "Stalking Horse PSA") for a purchase price of $100,000,000.00, plus or minus prorations and adjustments as set forth in the Stalking Horse PSA (the "Substitute *Res*");(ii) approving the Sale of the Defendant Assets free and clear of all liens, claims, encumbrances and interests, including, without limitation and at the option of the Stalking Horse Bidder, the Management Agreement (as that term is defined in the Stalking Horse PSA); (iii) authorizing the Government to consummate the Sale of the Defendant Assets and transactions contemplated by the Stalking Horse PSA; and (iv) finding that the Sale was conducted in accordance with the Sale Procedures. (Case No. 16-cv-05368, Dkt. No. 166; Case No. 16-cv-05369, Dkt. No. 165).

L.  Based upon the Final Interlocutory Sale Orders, the Government is currently holding the Substitute *Res* less any Sale-related costs paid pursuant to paragraphs 7-8 of the Final Interlocutory Sale Orders (the "Remaining Substitute *Res*") in the United States Marshal Service's Seized Asset Deposit Fund (the "SADF") pending the conclusion of the L'Ermitage Actions.

M.  Since the closing of the Sale, the Movants and the Purchaser have worked together to pay or otherwise satisfy all

valid claims against the Remaining Substitute *Res* not filed in this action or otherwise payable by the Purchaser in accordance with the procedures approved by the Court.

N.  No other claims to the Defendant Assets or Substitute *Res* were filed and the time for filing claims has expired.  Each of the Claimants' claims have been fully resolved.

O.  No party has objected to the Application, the disbursement of the Remaining Substitute *Res*, or the closure and conclusion of the L'Ermitage Actions.

P.  The Court finds, based upon the Application and the record of these proceedings, the Movants have demonstrated good cause to grant the Application and approve the relief sought therein.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.  The Application is granted.

2.  All rights, titles, and interests of Claimants and all other potential claimants in and/or to the Substitute *Res* and Remaining Substitute *Res* are hereby forfeited to the Government pursuant to 18 U.S.C. § 981(a)(1)(A) and (C), the applicable Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the applicable Federal Rules of Civil Procedure, and the applicable Local Rules of this Court.

3.  The United States Marshals Service shall dispose of the Remaining Substitute *Res* in accordance with applicable law, less any fees and costs unpaid related to the Sale.

4.  If any or all of the provisions of this Final Judgment of Forfeiture are hereafter reversed, modified or vacated by a subsequent order and/or judgment of this Court or any other court,

such reversal, modification or vacatur shall not affect the validity and enforceability of any transfer and sale contemplated hereby or obligation or right granted pursuant to the terms of this Final Judgment of Forfeiture (unless stayed pending appeal), and notwithstanding any reversal, modification or vacatur, shall be governed in all respects by this Court's prior orders approving the interlocutory sale.

5. The L'Ermitage Actions are hereby completed and closed.

6. This Final Judgment of Forfeiture shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Final Judgment of Forfeiture, including but not limited to, any matter, claim or dispute arising from or relating to the Sale of the Defendant Assets to the Purchaser, the Substitute *Res*, the Remaining Substitute *Res* and/or the implementation of this Final Judgment of Forfeiture.

IT IS SO ORDERED.

DATED: May 31, 2022

HON. DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

-6-